MoKinnev, J.,
delivered the opinion of the court.
This suit was commenced before a Justice of the Peace, on a bill single for $25 92-J, executed by the defendant to the plaintiff.
The Justice rendered judgment for the plaintiff, from which the defendant prosecuted an appeal to the circuit court.
Pending the appeal in the circuit court, the plaintiff was ruled to give security for the costs of suit. And thereupon A. J. Bolinger, as security of the plaintiff, entered into bond in the penalty of two hundred and fifty dollars, conditioned that the plaintiff “ should prosecute said suit with effect, or in case of failure of such prosecution, to pay and satisfy all costs and damages that may he awarded against him by said court.”
On the trial in the circuit court, the defendant claimed a set-off against the note sued on. One item of set-off offered, was the value of a wagon which the plaintiff, prior to ,the institution of this suit, had agreed to deliver to *62 the defendant. But no price or value was agreed upon for said wagon; nor was any time or place fixed for the delivery thereof. The proof shows a demand by the defendant, and a refusal by the plaintiff to deliver said wagon before the commencement of this suit. The value of such a wagon is stated by several witnesses, whose estimates differ considerably.
The Circuit Judge instructed the Jury, that “ if the proof showed, that the plaintiff was indebted to the defendant for a wagon, or other property which he had promised to deliver and failed to do so on demand, and he had acknowledged such indebtedness and promised to pay it, then the defendant might plead such a demand by way of set-off, the amount being ascertained, or readily reduced to a certainty by the proof in the cause.”
The Jury allowed the defendant’s set-off, as claimed, and found a verdict against the plaintiff for a balance of sixty-three and a half cents in favor of the defendant.
The Court refused to set aside said verdict, and rendered judgment thereon against the plaintiff, and likewise against A. J. Bolinger, his surety, for the balance found in favor of the defendant; and also for the costs .of the cause, which costs are taxed at $362 29.
The cause is brought to this court by an appeal in error.
1st. We think the Circuit Court erred in allowing the set-off claimed for the value of the wagon.
A set-off cannot be allowed for uncertain damages, or an unliquidated claim. The debt to be set-off, must be a money demand, for which debt, or indebitatus assumpsit, would lie. If, in a contract for specific articles, the money value of the articles be ascertained upon the face, or by the terms of the contract, debt or indebitatus assumpsit, might be maintained; because the claim, in such case, does not sound in damages : nor is any proof necessary to ascertain or assess the value of *63 tbe articles. Hence it lias been held that debt will lie on a note “ for five hundred dollars in bar iron, at eight cents per pound.” 6 Hum. 336.
But such is not the present case. Here no value or price of the wagon was ascertained by the terms of the contract; and, therefore, neither debt nor indebitatus assumpsit would lie upon the contract.
2nd. The Court erred in rendering judgment against the plaintiff’s surety for the balance found in favor of the defendant.
The act of 1813, ch. 131, sec. 2. provides, that “In all causes which may be commenced before any of the Justices of the Peace in this State, and from the judgment of which justice an appeal should be taken, it shall be the duty of the Court to which the same may be taken, on motion, at the return, or any subsequent term while said cause may be depending, to require of the original plaintiff in said cause to give security for the costs of suit.”
The terms of this statute are too plain to require comment. The extent of the surety’s liability is “for the costs of suit” only. And although the defendant under the first section of the act of 1815, ch. 53, may be entitled to demand a judgment against the plaintiff, in such case, for the excess of his set-off over the demand sued for, yet he can have no such judgment against the plaintiff’s surety for costs.
3rd. The Court erred in rendering judgment against the surety for an amount of costs greater than the penalty of the bond. The surety can only be held liable upon his undertaking, and therefore no judgment can be rendered against him beyond the penalty of his bond.
Let the judgment be revised, and the cause be remanded.